**Kewal SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75703.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 20, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

Kewal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. The court reviews questions of law de novo. *Kohli v. Gonzales,* 473 F.3d 1061, 1065 (9th Cir.2007). Factual findings are reviewed under the substantial evidence standard. *See Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997). We dismiss in part and deny in part the petition for review.

Singh's contention that the IJ lacked subject matter jurisdiction because the Notice to Appear did not include the title of the signing officer is without merit. *See Kohli v. Gonzales,* 473 F.3d 1061, 1069–70 (9th Cir.2007).

Substantial evidence supports the BIA's determinations that Singh failed to demonstrate persecution on account of an enumerated ground, considering that Singh repeatedly testified that the Indian police targeted him because of his perceived wealth. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, Singh is not eligible for asylum.

Because Singh failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Padash v. INS,* 358 F.3d 1161, 1167 (9th Cir.2004).

Finally, we lack jurisdiction to review Singh's CAT claim because he failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.